United States District Court
Southern District of Texas

**ENTERED**

April 07, 2026

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MISAEL MARCELO-AGUILA, | § | CIVIL ACTION NUMBER |
| | § | 4:26-cv-01376 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| KRISTI NOEM, *et al*, | § | |
| Respondents. | § | |

## OPINION AND ORDER ON DISMISSAL

Petitioner Misael Marcelo-Aguila filed a petition for writ of *habeas corpus* under 28 USC §2241 on February 20, 2026. Dkt 1. He proceeds here *pro se*. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates the Due Process Clause of the Fifth Amendment. Id at 6, 13.

A prior order noted the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494, 502–08 (5th Cir 2026), which held 8 USC §1225(b)(2)(A) to subject anyone present in the United States without legal admission to mandatory detention as an "applicant for admission" deemed to be "seeking admission." See Dkt 5 at 1–2; see also *Herrera Avila v Bondi*, 2026 WL 819258 (8th Cir) (holding to same effect as *Buenrostro-Mendez*). That order also conveyed a number of previous decisions by the undersigned resolving several closely related issues. See Dkt 5 at 2–5.

Initial screening of the petition determined that the arguments presented raised only issues resolved in those decisions. But Petitioner was granted an opportunity to specify individual circumstances or additional arguments supporting a different result. Id at 4–5.

Petitioner responded to that order. Dkt 7. He recognizes the decision in *Buenrostro-Mendez*, and he doesn't dispute that it authorizes the Government to detain him under §1225(b)(2)(A). But he contends that the *Buenrostro-Mendez* decision didn't address the specific due process claim he raises, being whether the Government may constitutionally revoke his previously granted release on supervision without first providing an individualized process.

In essence, then, Petitioner seeks to bind the current Administration to decisions made previously regarding the enforcement of a statute clearly applicable to him. The Fifth Circuit notes that courts are "exceedingly reluctant to grant equitable estoppel against the government." *Robertson-Dewar v Holder*, 646 F3d 226, 229 (5th Cir 2011). As the Supreme Court observes, "When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined." *Heckler v Community Health Services of Crawford County*, 467 US 51, 60 (1984). "In addition, the government should not be unduly hindered from changing its position if that shift is the result of a change in public policy." *United States v Owens*, 54 F3d 271, 275 (6th Cir 1995).

Such concerns are certainly present here. The Supreme Court has recognized that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Maceda Jimenez v Thompson*, 2025 WL 3265493, *1 (SD Tex), quoting *Demore v Kim*, 538 US 510, 526 (2003). The decision of prior Administrations to decline to enforce §1225(b)(2)(A) against individuals like Petitioner in no way changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain Petitioner pending his removal. As recently explained by Judge Fernando Rodriguez:

> Petitioner enjoyed liberty within the United States for some years when past

2

> administrations exercised their discretion to forgo applying [§]1225 to him. But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under [§]1225.

*Makhmudov v Lyons*, 2026 WL 879392, *1 (SD Tex).

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law. As such, he isn't entitled to relief in this action.

The petition for writ of *habeas corpus* by Petitioner Misael Marcelo-Aguila is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

Any pending motions are DENIED AS MOOT.

A certificate of appealability is DENIED as unnecessary.

Final judgment will enter separately.

The Clerk will mail this Order to Petitioner and email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this disposition to Respondents.

SO ORDERED.

Signed on April 7, 2026, at Houston, Texas.


_____
Honorable Charles Eskridge
United States District Judge

3